Peter Gorlick v. Nationstar Mortgage, case number 25492, and I take it that Peter Gorlick and Jean Gorlick are online, and that counsel for Nationstar Mortgage is also online. Can you hear us? I can, Your Honor. This is Attorney Staskowitz. Yes, we can. This is Peter and Jean, the appellants. So I understand that Peter Gorlick will argue for two minutes, Jean Gorlick will argue for two minutes, and you've reserved one minute for rebuttal. That's correct. So we'll proceed with you, Mr. Gorlick. Thank you. The reason we're here today looking for this appeal is to have the case remanded to Vermont District Court, because in the decision and order dismissing the case, we believe that the judge missed our issue number four, that identified that there was, in addition to any potential fraud by Mr. Cooper, that there was the creation of false documents and the filing of false documents, which are not in and of themselves directly fraud and therefore don't need to meet the five criteria fraud, but they certainly are clear and indicate the wrongdoing of Mr. Cooper. And that's why we're asking for this to be sent back to the lower court to be heard on the merits. Okay. Is Jean Gorlick there? Yes, I'm going to turn the computer here and get her on screen for you. Good morning. Hello, this is Jean Gorlick speaking. I would like to say a couple of things. First off, I believe the only document instrument filing that we need to have the appeals court consider is called the second amended complaint in the district court, and it was filed by us on 9-25-24. In that second amended complaint is a specific detailed listing of all the PTT forms for this property known as 2139 Vermont Route 30 in Townsend, Vermont. The explicit details beyond what my husband said need a finders of fact in a remand to the district court, because none of this that's on this one instrument called the second amended complaint that we filed has been orally addressed, written in rulings or findings or in any other way looked at. It was completely missed. And specifically on page 7, table, I'm looking at it now, table 3, I think it is, PTT 2146 lists only me as an involved party, but there are two of us, and I think that that's a bias or a fault of the court, the lower court. You make these claims under two federal criminal statutes, is that right? Well, they're under two federal statutes. They're both criminal statutes, you understand that? Well, just like our understanding is that they're just like a trespass can be either criminal or civil, that these are not necessarily only criminal. And the defense attorney only brought them up as a new idea in his response to the appeal. It was never brought up in the lower court, and we feel that the lower court should have a chance to weigh in on those as well. It's just usually the case that federal criminal statutes do not confer a private right of action, but I want to let you respond to that very briefly. Could I say a moment there? Sure. First off, we are not licensed attorneys, as other people that you regularly see probably in hearings. And so I think it's biased to assume that we would know every detail of criminal versus civil. I appreciate that, and that's why I just want to alert you to that. But we'll hear from counsel for NationStar, and then we'll hear again from you.  So counsel for NationStar. Thank you. Mr. Stasiewicz. Did I get that correctly? Stasiewicz, Your Honor. Could it please the court, Ben Stasiewicz, S-T-A-S-K-I-E-W-I-C-Z, the firm McAllory & Liebert Pierce, LLP, representing the defendant appellee NationStar Mortgage, LLC. Our position today is that this court should affirm the district court's denial of the plaintiff's request for leave to file a second amended complaint at the entering of a judgment and dismissal of the case. I briefed two different issues here. The first was that the district court properly found that the second amended complaint failed to set forth a valid claim of fraud under Vermont law, and that it did not put forth another plausible cause of action or claim. The second issue that I briefed was dealing with the two federal criminal statutes that the defendants cite to. That's 18 U.S.C. 1341 and 18 U.S.C. 1519. They also reference 32 V.S.A. section 9609, which is a state law that's similar to another criminal law. How they do make several, the defendants make several references in their brief. I think section 1341 was on page 510 and 16, and section 1519 was on page 16 of their briefs, or their amended, second amended complaint. They put no formal claim in. It was very unclear that they were actually making separate, distinct causes of action under these federal statutes. Just to give you a little background, there was a state court foreclosure action regarding property located at 2139 Vermont Route 30, Townsend, Vermont. There was a completed foreclosure action from the Wyndham District, which is 20-CB-00795. There was a judgment ordered and entered on November 5th, 2021. A foreclosure sale, which occurred on October 21st, 22. NationStar was the successful bidder, and that sale was confirmed on November 17th, 2022. Just to give you some background and context. The underlying district court action brought by the plaintiffs was done in May 2023. On December 26th, 2023, the complaint was dismissed with a right to amend. Thereafter, on September 5th, 2024, the amended complaint was dismissed because it, again, lacked certain elements of bringing a fraud complaint under the state law. There was no change in position slash reliance, and there were no established damages. What was the finding of the district court, which did not change between the first amended complaint and the second amended complaint. The plaintiffs did file a petition with the court for permission to file a request for leave to amend, which was allowed. Then there was another motion to dismiss with regard to that, or, excuse me, there wasn't a motion to dismiss. There was briefing on whether or not that should be allowed. The district court denied that on January 31st of 2025, and the appeal thereafter happened. One of the things I'd like to focus on would be Judge Rice's January 31st, 2025 order sets forth her complete findings. I do quote an extensive amount of it, but in the conclusion it states that the second amended complaint does not cure the deficiencies with regard to the plaintiff's proposed fraud claims or state a new plausible claim. So the court found that the request for leave would be futile and that the motion was denied. I think that while Judge Rice's decision does not specifically address the two federal criminal statutes that I previously referenced, her quote that they failed to state a new plausible claim covers that. I do quote on page 19 of my brief, the Dore Lane v. Commissioner of Taxation and Finance, that's D-O-U-R-N-A-I-N. The site for that is 133 Federal Appendix 765, and it's a Second Circuit decision from May 16, 2005, which basically just sets forth that there's no private right of enforcement of a federal criminal statute, i.e. that's supporting that there's no new plausible claim that's being raised in that second amended complaint that's based upon. Thank you very much. So, Mr. Gorlick, who's going to rebut? You have one minute for rebuttal. Yes, I'd like to say three things, please. First off, the opposing counsel has now just said that they represent NationStar LLC, when in this whole thing it's been NationStar LLC, DBA, and Mr. Cooper. They are two different entities, so I have a question about that. Number two, the details that some of the opposing counsel represented, I don't know by, you know, lock and verse, are absolutely accurate or not, but I know that this attorney, Mr. Staskiewicz, has no firsthand experience of any of the state court thing and only can speak to district court and now appeals court. And the third thing is, the issue that I'm raising as one of the two appellants is that there was no consideration given in any of this from DBA, Mr. Cooper, formerly NationStar LLC, and that is something that a fact finder in a remand would be able to clearly figure out. It's a hardened fact, whether there was payment or not by forensic proof of monies exchanged, and that has not happened.  I'm done. That's all I can say. Thank you, sir. Thank you very much. And just to let you know, we're going to reserve the decision, so we're not going to decide right away, right now. Okay. And at some point, you will receive a decision from us. In writing? In writing. In writing. Okay? Yeah. And so I thank you. I thank you for your time. And we have, I think, your arguments and, of course, NationStar's arguments well in mind, and we appreciate it.